**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVEN LYONS,

       Plaintiff,                 CIVIL ACTION NO. 12-CV-15408

  vs.

                                  DISTRICT JUDGE PATRICK J. DUGGAN

GAYLE LEACH, et al.,         MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY (DOCKET NO. 15)

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by a Michigan state prisoner. Plaintiff sues six employees of the Macomb Correctional Facility for damages he allegedly suffered when he was terminated from his law library position after he filed a complaint against Defendant Leach. Defendants filed a motion to dismiss or in the alternative for summary judgment on March 15, 2013, arguing that Plaintiff failed to exhaust his administrative remedies. (Docket no. 13). Subsequently, Defendants filed the instant motion to stay discovery. (Docket no. 15). In the motion to stay, Defendants claim that they should be relieved of the time, undue burden, and expense involved in responding to discovery requests that were recently served on them by Plaintiff. Defendants request an order staying discovery until the Court renders a decision on the pending motion to dismiss. Plaintiff has not responded to either motion and the response times have not yet expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 14). Because Defendants need direction on whether to respond to Plaintiff's discovery requests, the Court

1

will waive Plaintiff's response to the motion to stay only and will enter a ruling on that motion as permitted under E.D. Mich. LR 7.1(f) and 28 U.S.C. § 636(b)(1)(A).

Defendants' motion to dismiss or in the alternative for summary judgment remains pending before this Court. A cursory review of both the complaint and the motion to dismiss shows that the parties disagree as to whether Plaintiff exhausted his administrative remedies. Defendants claim Plaintiff failed to exhaust, while Plaintiff states in his complaint that he filed two step III grievances to which he did not receive a response. Without going indepth into the issues at this stage, Plaintiff attached two grievances to his complaint which at least appear to have named Defendants Leach, VonHiltmayer, Haas, and Visconti. He claims that he appealed these two grievances to step III of the appeal process on September 20, 2012 and September 30, 2012. (Complaint at ¶¶ 19-20).

Whether or not Plaintiff properly exhausted his administrative remedies against Defendants will be addressed in detail after the pending motion to dismiss has been fully briefed. Nothing in this order should be construed to provide any indication as to how the Court will ultimately rule on the motion to dismiss. However, at this time the Court finds that discovery should not be stayed pending resolution of that motion.

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery is denied. Defendants are directed to serve responses and objections to Plaintiff's discovery requests in accordance with the Federal Rules of Civil Procedure.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 20, 2013          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Steven Lyons and Counsel of Record on this date.

Dated: March 20, 2013          s/ Lisa C. Bartlett
                               Case Manager