UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LYONS,

           Plaintiff,

                                        Case No. 12-15408

v.

                                        Hon. Patrick J. Duggan

GAYLE LEACH, VONHILTMAYER,
HAAS, KEN ROMANOWSKI, M.           Magistrate Judge Mona K. Majzoub
VISCONTI, and S. WHITE,

           Defendants.
_____/

## **OPINION AND ORDER**

This prisoner's civil rights case is before the Court on Magistrate Judge

Mona K. Majzoub's Report and Recommendation ("R&R") and Plaintiff's

objections to that R&R.  Upon a careful review of both the R&R and Plaintiff's

objections, the Court adopts the R&R in part.  For the reasons stated herein, the

Court (1) denies Plaintiff's Motion for Order as moot, (2) denies Plaintiff's Motion

for Temporary Restraining Order and Motion for Preliminary Injunction for the

reasons set forth by Magistrate Judge Majzoub, (3) denies Defendants' Motion to

dismiss, (4) grants Plaintiff's Motion for Leave to File a Supplemental Complaint,

and (5) refers the four discovery motions to Magistrate Judge Majzoub.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2012, Plaintiff Steven Lyons, a state prisoner, instituted this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 by filing a complaint with this Court.  (ECF No. 1.)  In his Complaint, Plaintiff alleges that events transpiring while he was housed at the Macomb Correctional Facility ("MRF") in New Haven, Michigan[1] resulted in the violation of his First and Fourteenth Amendment rights.  Named as defendants are MRF Warden Ken Romanowski, MRF Deputy Warden Randall Haas, MRF Librarian Gayle Leach, Correction Program Coordinators Todd Vonhiltmayer and Maria Visconti, and MRF Grievance Coordinator Stanley White.  Plaintiff has named each defendant in both their official and individual capacities.

While at MRF, Plaintiff worked for a brief time as a law library clerk.  After receiving a laudatory evaluation, Plaintiff wrote to MRF Deputy Warden Haas complaining of the way in which Defendant Leach operated the law library. Plaintiff alleges that he was terminated from his position as a law library clerk soon thereafter.  He further claims that various Michigan Department of Corrections ("MDOC") policies were violated in connection with his termination and the grievances he filed in connection with that termination.

---

[1] Since filing his Complaint, Plaintiff has been transferred to another facility. He is presently confined at the Michigan Reformatory located in Ionia, Michigan.

Since Plaintiff filed his Complaint, several motions have been filed. Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on March 15, 2013. (ECF No. 13.) On March 18, 2013, the Court referred the lawsuit to Magistrate Judge Majzoub for all pretrial matters, proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 14.) Plaintiff responded to Defendants' Motion on March 29, 2013. (ECF No. 17.)

On April 8, 2013, while Defendants' Motion was pending, Plaintiff filed a Motion for Order, (ECF No. 18), in which Plaintiff asks for an order directing Saginaw Correctional Facilities Librarian Bell to allow him photocopying privileges in preparation for this lawsuit. On April 12, 2013, Defendants filed a Motion to Quash a subpoena Plaintiff sent to an individual who worked with him in the law library at MRF. (ECF No. 19.) Since that time, Plaintiff has filed three motions to compel on May 7, June 28, and July 26, 2013. (ECF Nos. 24, 28, 33.) Along with a motion to compel, Plaintiff also filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction on June 28, 2013. (ECF No. 27.) On July 16, 2013, Plaintiff filed a Motion for Leave to File a Supplemental Complaint as well as a Proposed Supplemental Complaint. (ECF Nos. 29, 30.)

On September 11, 2013, Magistrate Judge Mazjoub filed an R&R recommending that this Court (1) deny Plaintiff's Motion for Order, (2) deny Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction, (3) grant Defendants' Motion to Dismiss, (4) deny Plaintiff's Motion for Leave to File a Supplemental Complaint, and (5) deny the Motion to Quash and the three motions to compel as moot. (ECF No. 37.)

With respect to the Motion for Order, Magistrate Judge Mazjoub concludes that the Court lacks personal jurisdiction over Bell and that any order would not bind him. She further notes that Plaintiff attached several exhibits to each filing with this Court and that Plaintiff has therefore failed to demonstrate a need to access the photocopying machine.[2] (R&R 6.)

The R&R then addresses Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (*Id.* at 6-9.) In connection with this motion, Magistrate Judge Majzoub recommends denial as Plaintiff seeks to be transferred back to MRF during the pendency of this action but has failed to satisfy the high threshold of demonstrating an entitlement to such relief. Specifically, Plaintiff fails to show "that he is likely to prevail on his Fourteenth Amendment

---

[2] Plaintiff has not objected to Magistrate Judge Majzoub's conclusion with respect to this motion. The Court notes, however, that Bell is the law librarian at a correctional facility in Saginaw, Michigan and that Plaintiff is no longer housed in this facility. Accordingly, this motion (ECF No. 18) is denied as moot.

Due Process claims[,]" "his First Amendment individual capacity claims[,]" or his "claims of conspiracy." (*Id.* at 6-8.)

The R&R then analyzes Defendants' Motion to Dismiss, in which Defendants seek dismissal of the entire action on the basis of Plaintiff's purported failure to exhaust. (*Id.* at 9-11.) Magistrate Judge Mazjoub concludes that Plaintiff failed to exhaust his administrative remedies with respect to two separate grievances Plaintiff filed as a result of being terminated from his law library position at MRF. (*Id.* (discussing Grievance Nos. MRF-12-07-1335-02a and MRF-12-07-1402-02a).) Based in part on her belief that Plaintiff failed to exhaust, Magistrate Judge Majzoub also recommends denying Plaintiff's Motion for Leave to File a Supplemental Complaint. (*Id.* at 12-13.)

On the basis of her foregoing recommendations, Magistrate Judge Majzoub recommends denying Defendants' Motion to Quash and Plaintiff's three motions to compel discovery on the basis that they are moot; however, she notes that if the Court does not adopt the R&R, the motions should be "reconsidered."[3] (*Id.* at 1.)

At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object to and seek review of the R&R within fourteen (14) days of

---

[3] The R&R expressed no opinions on the merits of these four discovery motions. Because the Court declines to adopt the R&R, these motions must be considered by Magistrate Judge Majzoub.

service upon them.  (*Id.* at 13.)  Plaintiff filed timely objections to the R&R on September 23, 2013.  (ECF No. 39.)  Defendants did not respond.

On September 13, 2013, after the R&R was issued, but presumably prior to receiving it, Plaintiff filed a Motion Requesting Video Hearings.  (ECF No. 38.)

## II.    STANDARD OF REVIEW

A party may object to a magistrate judge's non-dispositive orders.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law."  *Id.*  The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504 (1985).  Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).  An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

When objections are filed to a magistrate judge's report and

6

recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

## III.   ANALYSIS

Plaintiff has filed three specific objections regarding Defendants' Motion to Dismiss, his motion seeking leave to file a supplemental complaint, and with respect to the various pending discovery motions. The Court notes that Plaintiff does not object to Magistrate Judge Majzoub's conclusions regarding his Motion for Order,[4] (ECF No. 18), or his Motion for Temporary Restraining Order and Motion for Preliminary Injunction, (ECF No. 27). Plaintiff's objections are considered *in seriatim*.

---

[4] *See* note 2, *supra*.

7

Objection #1:

First, Plaintiff contends that Magistrate Judge Majzoub erred in granting

Defendants' Motion to Dismiss.  In that Motion, Defendants argued that Plaintiff's

failure to properly exhaust his administrative remedies warrants dismissal of this

civil action.

Pursuant to the express terms of the Prison Litigation Reform Act

("PLRA"), persons "confined in any jail, prison, or other correctional facility" are

required to exhaust administrative remedies prior to initiating a lawsuit in federal

court.  42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 523, 122 S.

Ct. 983, 987 (2002) ("The plain language of the statute makes exhaustion a

precondition to filing an action in federal court.").  This exhaustion requirement

requires prisoners to comply with state procedural rules such as time limits for

filing grievances and other procedural rules.  *Jones v. Bock*, 549 U.S. 199, 211, 127

S. Ct. 910, 919 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S. Ct. 2378,

2385-86 (2006).  "Compliance with prison grievance procedures, therefore, is all

that is required by the PLRA to 'properly exhaust.'"  *Jones*, 549 U.S. at 218, 127

S. Ct. at 922-23.  However, prisoners "may not exhaust administrative remedies

during the pendency of the federal suit."  *Freeman v. Francis*, 196 F.3d 641, 645

(6th Cir. 1999).

Defendants attached the Michigan Department of Corrections ("MDOC") Policy Directive governing the grievance process in effect at the time of Plaintiff's claims.   MDOC PD 03.02.120, which governs "Prisoner/Parolee Grievances," provides that "[c]omplaints filed by prisoners regarding grievable issues . . . serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process[.]"  MDOC PD 03.02.120 ¶ B.  The policy further provides that "[g]rievances and grievance appeals at all steps are considered filed on the date sent by the grievant."  *Id.* at ¶ S.  Responses to grievances at Steps I and II are due within fifteen business days after receipt of the grievance unless an extension is granted and the grievant is informed in writing. *Id.* at ¶¶ X, CC.  "To file a Step III grievance, the grievant must send a completed Step III grievance . . . to the Grievance and Appeals Section within ten business days after receiving the Step II response[.]"  *Id.* at ¶ FF.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing . . . at Step I and/or Step II."  *Id.* at ¶ S.

Because the MDOC Policy Directive addressing Step III grievances does not provide a time frame for resolution of a Step III appeal, some courts interpret the expiration of the 120-day period provided in MDOC PD 03.02.120 ¶ S as the deadline by which a grievant should receive a response (even though the language

of the Policy Directive is permissive), and thus consider a grievant to have
properly exhausted his or her administrative remedies if a civil action is initiated
after this 120-day period lapses.  *See, e.g.*, *Sims v. Rewerts*, No. 07-12646, 2008
WL 2224132, at * 5 n.1 (E.D. Mich. May 29, 2008) (Cohn, J.); *see also*
*Muttscheler v. Martin*, No. 12-1221, 2013 WL 3730095, at *5 (W.D. Mich. July
15, 2013) (Jonker, J.) (explaining that "some courts view the [120-day] time frame
as a deadline for the MDOC to respond to a Step III grievance[]") (citation
omitted).  Other courts, however, require that a prisoner receive a Step III response
before considering a plaintiff-prisoner to have properly exhausted.  *See Ross v.
Duby*, 09-531, 2010 WL 37322234, at *1 (W.D. Mich. Sept. 17, 2010) (Jonker, J.)
("The Magistrate Judge correctly observed that the Prison Litigation Reform Act
(PLRA), 42 U.S.C. § 1997e, requires a prisoner to exhaust all administrative
remedies prior to filing a § 1983 claim. Plaintiff did not do so, as he filed the
complaint prior to receiving the 'Third Step Grievance Response,' as required by
the [MDOC].  Now that the MDOC has responded to Plaintiff's Step III grievance,
Plaintiff's administrative remedies have been exhausted.  Regardless, the Court
must dismiss Plaintiff's claim, as Plaintiff cannot perfect the exhaustion
requirement during the pendency of his case.").

       In the instant case, Plaintiff filed grievance 1335 on July 21, 2012.
Although grievance 1402 does not indicate the date on which it was filed, the

grievance is marked as having been received on July 31, 2012.  Both grievances

proceeded to Step III and the Step III appeals were both received by MDOC in

Lansing, Michigan on September 24, 2012.  Plaintiff instituted the present action

on November 30, 2012.  MDOC responded to both Step III appeals after Plaintiff

filed his Complaint, mailing them to Plaintiff on January 23, 2013.  In their Motion

to Dismiss, Defendants argue that Plaintiff failed to properly exhaust because he

filed his Complaint prior to receiving a Step III response.  The Court, however,

disagrees.

        This Court finds the rationale of Magistrate Judge Virginia Morgan, whose

R&R was adopted by Judge Cohn in *Sims*, persuasive.  In her R&R, Magistrate

Judge Morgan explained that although the language providing for a 120-day

resolution of the grievance process does not appear obligatory, it should be viewed

as the time by which the grievance process should be resolved because it is the

only time frame implicating a Step III response.  *Sims*, No. 07-12646, 2008 WL

2224132, at * 5 n.1.  Thus, so long as a prisoner has timely filed all grievance

appeals and the 120-day period has expired without that prisoner receiving a Step

III response, the prisoner should be deemed to have exhausted his or her

administrative remedies.  *Id.* at *5.  To conclude otherwise would mean that a

grievant who never received a Step III response would forever be unable to exhaust

his or her administrative remedies.

11

Magistrate Judge Majzoub, who "[a]ssumed the 120-day time frame is a deadline," concluded "that Plaintiff filed his complaint prematurely[]" because only 102 days had passed between the filing of his Step I grievance and the initiation of this action. (R&R 11.) This 102 day period, however, was based on her erroneous belief that Plaintiff's Step I grievance (grievance 1335) was filed on August 21, 2012. (*Id.*) Plaintiff, who attached the two grievances and all related documents to both his Complaint and to his Objections, filed grievance 1335 on July 21, 2012. In other words, Plaintiff's Complaint was filed 133 days after he filed his Step I regarding grievance 1335 and 122 days after he filed his Step I grievance regarding grievance 1402 and the Court finds that he properly exhausted his administrative remedies. The R&R incorrectly concluded otherwise.

Accordingly, Plaintiff's first objection is well-taken and Defendants' Motion to Dismiss, which sought dismissal on the sole ground that Plaintiff failed to exhaust his administrative remedies, is denied.

Objection #2:

Plaintiff's second objection to the R&R argues that Magistrate Judge Majzoub erred in denying his Motion for Leave to File a Supplemental Complaint.[5] (ECF No. 29.) In this Motion, Plaintiff seeks leave to amend pursuant to Federal Rule of Civil Procedure 15(d) based on events that occurred after the filing of his

---

[5] The Court notes that Defendants failed to respond to Plaintiff's Motion for Leave to File a Supplemental Complaint.

complaint.  Plaintiff's proposed supplemental complaint would add a claim that he was transferred from the MRF in retaliation for filing this lawsuit.  (Proposed Supp. Compl., ECF No. 30.)  Plaintiff further seeks to amend to add two new defendants, Sean Lockhart and Richard Russell, based on their roles in denying his grievance appeals with respect to a new grievance regarding the retaliatory transfer.

In denying Plaintiff's Motion, Magistrate Judge Majzoub first noted that the proposed supplemental complaint states that Plaintiff was transferred from the Macomb Facility to a different facility in Saginaw, Michigan on December 6, 2012, less than two weeks after Plaintiff filed his Complaint in this Court.  The proposed supplemental complaint does not name which Defendants are responsible for or involved in the decision to transfer Plaintiff.  It also makes allegations against proposed Defendants Lockhart and Russell based on their roles in denying Plaintiff's grievances about the retaliatory transfer.  The R&R indicates that documents attached to the proposed supplemental complaint reveal that Defendant Haas signed the transfer order.  Magistrate Judge Mazjoub then concludes that "Plaintiff's proposed supplemental complaint fails to set forth factual allegations that connect any Defendant other than Defendant Haas with the alleged retaliatory transfer."  (R&R 13.)  Lastly, the R&R concludes that Plaintiff's Motion should be denied because "the proposed supplemental complaint does not allege any facts to

13

alter the undersigned's recommendation that Plaintiff's complaint should be dismissed for failure to exhaust." (*Id.*)

As an initial matter, the Court agrees with Magistrate Judge Majzoub that Plaintiff's proposed supplemental complaint fails to state a claim against proposed Defendants Lockhart and Russell on the grounds that liability under § 1983 "may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (citation omitted). Thus, Plaintiff shall not be permitted to supplement his complaint to add these proposed parties. However, the Court disagrees with the conclusion that the proposed supplemental complaint fails to implicate any of the previously named Defendants in the retaliatory transfer. The proposed supplemental complaint indicates that Defendant Leach viewed Plaintiff's original complaint when Plaintiff photocopied it in the prison library on November 27, 2012. The proposed supplemental complaint further states that Defendant Leach reviewed the complaint, in which she was named as a defendant, prior to approving the photocopy disbursement and notarizing the document. Attached to Plaintiff's proposed supplemental complaint is a document showing that Defendant Leach signed the MDOC Disbursement Authorization in connection with photocopying on November 27, 2012. Thus, Plaintiff's proposed supplemental complaint implicates both Defendants Haas and

14

Leach in the retaliatory transfer.  Whether this evidence will suffice in the end is left for another day.

The Court has already rejected the R&R's conclusion that Plaintiff failed to exhaust the two grievances giving rise to the original complaint.  Accordingly, it further rejects the R&R's conclusion that Plaintiff's Motion for Leave to File a Supplemental Complaint should be denied on the basis that that Plaintiff failed to exhaust.  Plaintiff may file a supplemental complaint adding the retaliatory transfer count but, for the reasons contained in the R&R, may not supplement the complaint to add the two additional defendants.

Objection #3:

Plaintiff's third and last objection is not really an objection at all.  Rather, it notes that Magistrate Judge Majzoub declined to decide four pending discovery motions based on her conclusion that Plaintiff's Complaint should be dismissed. Thus, Plaintiff asks that this Court deny Defendant's Motion to Quash, (ECF No. 18), and grant his three motions to compel discovery, (ECF Nos. 24, 28, 33).

Having rejected the conclusions reached in the R&R, this Court finds that Plaintiff's Complaint survives dismissal.  As such, the discovery motions are ripe for review.  Accordingly, the Court refers these motions back to Magistrate Judge Majzoub so that she may rule on them in the first instance.

15

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court adopts only the portion of the R&R addressing Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction.  The Court adopts the R&R's conclusion on Plaintiff's Motion for Order but does so for the reasons provided herein.  The remaining portions of the R&R are not adopted.

Accordingly,

**IT IS ORDERED** that Plaintiff's First and Second Objections are **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 13) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 29) is **GRANTED** and that Plaintiff shall file his Supplemental Complaint with this Court within **21 days** of entry of this Opinion and Order;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order (ECF No. 18) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 27) is **DENIED**;

16

**IT IS FURTHER ORDERED** that Defendants' Motion to Quash (ECF No. 19) and Plaintiff's three motions to compel discovery (ECF Nos. 24, 28, 33) are ripe for review and are thus referred back to Magistrate Judge Majzoub for adjudication;

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Video Hearings (ECF No. 38) is referred to Magistrate Judge Majzoub.

Date:  November 26, 2013          s/PATRICK J. DUGGAN

                                   UNITED STATES DISTRICT JUDGE

Copies to:
Steven Lyons, 320778
Michigan Reformatory
1342 West Main Street
Ionia, MI 48846

Allan J. Soros, A.A.G.
Magistrate Judge Mona K. Majzoub