UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LYONS,

        Plaintiff,                      CIVIL ACTION NO. 12-CV-15408

vs.

                                       DISTRICT JUDGE PATRICK J. DUGGAN

GAYLE LEACH, et al.,            MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 24)

This matter comes before the Court on Plaintiff's motion to compel discovery. (Docket no. 24). Defendants filed a response. (Docket no. 25). All pretrial matters have been referred to the undersigned for action. (Docket no. 14). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The Court is now ready to rule on the motion pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff served his First Request for Production of Documents on March 5, 2013, seeking responses to thirteen document requests. Defendants served written responses and objections on or around April 4, 2013. Plaintiff now moves for an order compelling responses to document request nos. 2, 3, 4, 6 and 9.

Document request no. 9 asks for all grievances filed against Defendants Vonhiltmayer, Leach, and Haas in regard to retaliation. Plaintiff argues that the request is relevant to the claim of supervisory liability against the prison Warden and Deputy Warden and could show a pattern of

1

misconduct on the part of all Defendants. Defendants object to the request on the grounds that it is overly burdensome since it is unlimited as to date and because prisoner grievances are maintained by prisoner identification number and not by the employee or subject matter grieved. Defendants also state that they do not have possession or control of the requested documents. The Court finds that Request no. 9 is not limited in time or scope and is over broad as written. Therefore, even if Defendants did have the requested documents within their possession, custody, or control, which they claim they do not, the Court would not compel further response to this request. Since Defendants did not object to the request on relevance grounds, the Court will not address Plaintiff's relevance argument. Discovery has not closed and Defendants have provided Plaintiff with information as to where the grievances are maintained. The Court will deny Plaintiff's motion to compel as to document request no. 9.

With respect to document request nos. 2, 3, 4, and 6, Defendants responded to the requests by stating that they would produce the requested documents as soon as Plaintiff sends a certified check or money order covering the costs of copying the documents. Plaintiff now argues that he is indigent and seeks an order compelling Defendants to provide him with photocopies of the documents at Defendants' expense. It is widely recognized that there is no constitutional or statutory requirement that the defendant or the government pay for an indigent prisoner's discovery costs. *Smith v. Yarrow,* 78 Fed. Appx. 529, 544 (6th Cir. 2003) ("A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts"). Accordingly, Plaintiff's motion will be denied as to document request nos. 2, 3, 4, and 6.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel discovery (docket no. 24) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 3, 2014           s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Steven Lyons and Counsel of Record on this date.

Dated: March 3, 2014           s/ L. Bartlett
                                         Case Manager