# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEVEN LYONS,

      Plaintiff,                     CIVIL ACTION NO. 12-CV-15408

vs.

                                        DISTRICT JUDGE PATRICK J. DUGGAN

GAYLE LEACH, et al.,           MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY
## (DOCKET NO. 28)

      This matter comes before the Court on Plaintiff's motion to compel discovery. (Docket no. 28). Defendants filed a response. (Docket no. 31). All pretrial matters have been referred to the undersigned for action. (Docket no. 14). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The Court is now ready to rule on the motion pursuant to 28 U.S.C. § 636(b)(1)(A).

      Plaintiff served his First Set of Interrogatories on Defendant Visconti on April 18, 2013, his First Set of Interrogatories on Defendant White on May 16, 2013, and his Second Request for Production of Documents on Defendants on May 14, 2013. Defendants served timely written responses and objections to the discovery requests. Plaintiff now moves for an order compelling Defendants to produce the requested documents and provide full responses to Interrogatory no. 6 served to Defendant Visconti and Interrogatory nos. 4 and 6 served to Defendant White.

1

Interrogatory no. 6 served to Defendant Visconti asks if Defendant feels she should have been the person designated to respond to Plaintiff's grievance. Defendant responded by referring Plaintiff to her response to Interrogatory no. 3. Interrogatory no. 3 asks if Defendant felt pressured into reviewing a grievance that she should not have reviewed. In response to Interrogatory no. 3, Defendant discusses the prison's practice in assigning grievances to staff members and states that part of her duties is to investigate and respond to assigned prisoner grievances. The Court finds that Defendant responded in full to Interrogatory no. 6 and will deny Plaintiff's motion to compel further response to this request. However, the Court will order Defendant Visconti to file a supplemental response to Interrogatory no. 3 stating whether she felt pressured to review a grievance that she should not have reviewed.

Interrogatory no. 4 served to Defendant White asks if Defendant has ever had a complaint filed against him for conspiring with another staff member to violate a prisoner's constitutional rights. Defendant White responded that he has been an MDOC employee for almost thirty years, he has been assigned as a Grievance Coordinator for thirteen of those thirty years, and he has been the subject of occasional grievances for that reason. The Court finds that Interrogatory no. 4 is unlimited in time or scope and therefore is overly broad as written. Even if the request is not overly broad it does not ask Defendant White to list the complaints in which he was named. Defendant White responded to the request by stating that he has been the subject of complaints involving conspiracy to violate a prisoner's constitutional rights. The Court will deny Plaintiff's motion to compel further response to Interrogatory no. 4.

Interrogatory no. 6 asks Defendant White if he has ever been disciplined for a work rule violation. Defendant objects to the request on the grounds that it is not relevant to the claims or

defenses at issue in this lawsuit. The Court finds that Interrogatory no. 6 is not limited in time or scope and is over broad. The request is not sufficiently narrow to elicit information relevant to the parties' claims and defenses. The Court will deny Plaintiff's motion as to Interrogatory no. 6.

Plaintiff's Second Request for Production of Documents seeks responses to three document requests. Plaintiff does not discuss any deficiencies with respect to the document requests. The Court has reviewed the requests and finds that Defendants fully responded to Request no. 1. As for Request no. 2, Defendants state that they will produce the requested documents as soon as Plaintiff sends funds to pay for the costs to copy the requested handbook. In a previous order the Court informed Plaintiff that he is responsible for his own discovery costs. *See Smith v. Yarrow,* 78 Fed. Appx. 529, 544 (6th Cir. 2003) ("A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts"). Defendants are willing to produce the requested document but are not willing to assume the costs of Plaintiff's discovery. The Court will deny Plaintiff's motion as to this request.

Document request no. 3 asks Defendants for a complete copy of the Michigan Civil Service Commission's Manual. Defendants responded that the manual is public information and available to Plaintiff from the Michigan Civil Service. Defendants also state that the request is overly burdensome and irrelevant because Plaintiff fails to describe which job specification he seeks. The Court will grant Plaintiff's motion to compel further response to this request. Defendants will be ordered to provide a supplemental written response stating whether the manual is within Defendants' possession, custody, or control, and if so, notifying Plaintiff of the cost associated with copying the

manual. Provided the manual is within Defendants' possession, custody, or control, they must produce the manual as soon as Plaintiff sends payment to cover the copying costs.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel discovery (docket no. 28) is **GRANTED IN PART**. On or before March 21, 2014 Defendants must serve on Plaintiff supplemental written responses to Interrogatory no. 3 directed to Defendant Visconti and to Plaintiff's Second Request for Production of Documents no. 3 as provided in this order. In all other respects, Plaintiff's motion is denied.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 3, 2014          s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Steven Lyons and Counsel of Record on this date.

Dated: March 3, 2014          s/ L. Bartlett
Case Manager