# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

STEVEN LYONS,

          **Plaintiff,**          **CIVIL ACTION NO. 12-CV-15408**

   **vs.**

                       **DISTRICT JUDGE PATRICK J. DUGGAN**

GAYLE LEACH, et al.,         **MAGISTRATE JUDGE MONA K. MAJZOUB**

          **Defendants.**

_____/

## ORDER DENYING DEFENDANTS' MOTION TO QUASH SUBPOENA (DOCKET NO. 19)

This matter comes before the Court on Defendants' motion to quash subpoena. (Docket no. 19). Plaintiff filed a response. (Docket no. 22). Defendants filed a reply. (Docket no. 23). All pretrial matters have been referred to the undersigned for action. (Docket no. 14). This matter being fully briefed, the Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The Court is now ready to rule on the motion pursuant to 28 U.S.C. § 636(b)(1)(A).

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by a Michigan state prisoner. Plaintiff sues six employees of the Macomb Correctional Facility for damages he allegedly suffered when he was terminated from his law library position after he filed a complaint against Defendant Leach. Plaintiff served a Rule 45 subpoena directed to Ms. Hood of the Macomb Correctional Facility ("MRF"). Ms. Hood, a nonparty, is a Librarian Technician at MRF. The subpoena commands Ms. Hood to produce an affidavit with respect to Plaintiff which "state[s] all [Ms. Hood] can remember about [Plaintiff's] employment with [Ms. Hood] and the termination that

was implemented by Gayle Leach." The subpoena requests that Ms. Hood "be as specific as possible." Defendants now move to quash the subpoena, arguing that it is void and unenforceable because (1) Plaintiff failed to serve Defendants with notice of the subpoena before it was served, (2) the subpoena is beyond the scope of discovery because it requires Ms. Hood to create an affidavit, and (3) Plaintiff's subpoena was improperly served because it was served by Plaintiff himself.

Plaintiff objects to the motion to quash, arguing that he mailed Defendants a letter notifying them that he was serving a subpoena on Ms. Hood. Plaintiff further argues that the subpoena was served by Linda J. Swain, J.D. He claims that the subpoena is not outside the scope of discovery because he believes that Ms. Hood wrote the affidavit before the subpoena was served.

Federal Rule of Civil Procedure 45 governs subpoenas and provides that a nonparty served with the subpoena may make written objections to the subpoena before the time specified for compliance under the subpoena. Fed.R.Civ.P. 45(c)(2)(B). A nonparty's failure to timely object to the subpoena waives any objections except in unusual circumstances, such as when the subpoena is facially overbroad. *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136-37 (S.D. Ohio 1999). The court must, upon motion, quash or modify a subpoena if it fails to allow a reasonable time to comply, requires a nonparty to travel more than 100 miles, requires disclosure of privileged or protected material, or subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A). The Court may quash or modify a subpoena if it requires disclosure of a trade secret or other confidential research, requires disclosure of an unretained expert's opinion, or requires a nonparty to incur substantial expense to travel more than 100 miles to attend trial. Fed.R.Civ.P. 45(c)(3)(B).[1]

---

[1]Amendments to the text of Federal Rule of Civil Procedure 45 became effective on December 1, 2013. All citations to Rule 45 are to the text of the Rule in effect at the time the subpoena was served.

Ordinarily, a party does not have standing to quash a subpoena directed to a nonparty unless the party claims a privilege, proprietary interest, or personal interest in the information sought by the subpoena. *See United States v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006). The party seeking to quash a subpoena bears a heavy burden of proof. *Id.*

Plaintiff had the subpoena served on nonparty Ms. Hood. Neither party has indicated that Ms. Hood served objections to the subpoena, nor has Ms. Hood appeared through counsel or otherwise to move to quash the subpoena. Defendants have not made any argument to show that they claim a privilege, proprietary interest, or personal interest in the information sought by the subpoena. Therefore, Defendants have not established that they have standing to move to quash the subpoena.

Even assuming for the sake of this motion that Defendants do have standing, they have not established a basis for quashing the subpoena. Defendants argue that Plaintiff failed to provide notice of the subpoena before it was served. Although Plaintiff states that he served notice, Defendants claim that they did not receive the notice. At the time the subpoena was served, Rule 45(b)(1) provided that "a notice must be served on each party" before a subpoena which "commands the production of documents, electronically stored information, or tangible things" is served. The purpose of the notice provision is to permit the opposing party an opportunity to object before service and to move to quash if necessary. *See Flagg v. City of Detroit*, No. 05-74253, 2008 WL 787039, at *1 (E.D. Mich. Mar. 20, 2008); *GMAC Mortg., LLC v. McKeever*, No. 08-459, 2010 WL 1141226, at *2 (E.D. Ky. Mar. 22, 2010) ("The notice requirement of Rule 45 aims to provide opposing parties an opportunity to object before service and to move to quash if necessary."). Even if Defendants did not receive notice as they contend, Defendants have been able to file their motion

3

to quash and have shown no prejudice from the alleged lack of notice. As for Defendants' contention that Plaintiff served the subpoena himself, Plaintiff asserts that the subpoena was served by a third party. The Court declines to quash the subpoena based on lack of notice or improper service.

Defendants argue that the subpoena requires Ms. Hood to create an affidavit. While the language of the subpoena implies that Ms. Hood should create an affidavit, Plaintiff contends that the affidavit was already created before the subpoena was served. The Court will deny Defendants' motion to quash. Ms. Hood has not filed objections to the subpoena and will be required to produce the requested affidavit provided the affidavit was created prior to the time the subpoena was served. Ms. Hood is not required to create an affidavit in order to respond to the subpoena.

**IT IS THEREFORE ORDERED** that Defendants' motion to quash subpoena (docket no. 19) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 3, 2014                                    s/ Mona K. Majzoub_____
                                                        MONA K. MAJZOUB
                                                        UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Steven Lyons and Counsel of Record on this date.

Dated: March 3, 2014                                    s/ L. Bartlett_____
                                                        Case Manager

4